UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD SCHNEIDER,                               No. 11-14254

       Plaintiff,                              District Judge Bernard A. Friedman

v.                                               Magistrate Judge R. Steven Whalen

AMERIQUEST MDL SETTLEMENT
ADMINISTRATOR, ET AL.,

       Defendants.
_____/

# REPORT AND RECOMMENDATION

Plaintiff Richard Schneider filed this action in Wayne County Circuit Court on August 25, 2011, and the case was removed to this Court on September 27, 2011. Before the Court is a Motion for Judgment on the Pleadings or for Summary Judgment [Doc. #6] filed by Defendant Deutsche Bank National Trust Company, as Trustee to Ameriquest Mortgage Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2005-R5, Under the Pooling and Servicing Agreement Dated as of June 1, 2005, Without Recourse ("Deutsche Bank").[1] This motion has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED and that Defendant Deutsche Bank be DISMISSED WITH PREJUDICE.

---

[1] Defendant states that it is improperly named in the Complaint as Deutsche Bank National Trust 2005-R5, although given its cumbersome designation, Plaintiff's error is understandable. In any event, this Defendant has answered the Complaint.

# I. FACTS[2]

The Plaintiff's claims all arise out of a mortgage foreclosure and sale of property located in Belleville, Michigan. In 2005, Plaintiff and non-party Christa A. Schneider executed a mortgage on the property in favor of Ameriquest Mortgage Company, to secure a loan in the amount of $185,250.00. *Defendant's Exhibits 1 and 2* [Doc. #6]. On or about October 1, 2007, the mortgage and note were assigned to Deutsche Bank. *Defendant's Exhibit 3*.

Eventually, Plaintiff and Christa A. Schneider defaulted, and Deutsche Bank initiated foreclosure proceedings by advertisement, pursuant to M.C.S. § 600.3201, *et seq*. Deutsche Bank purchased the property at a Sheriff's Sale on July 22, 2010, and the Sheriff's Deed that was executed on that date was later recorded on August 10, 2010. *Defendant's Exhibit 4*. The six-month statutory redemption period under M.C.L. §§ 600.3240 expired on January 22, 2011. Plaintiff did not redeem during that period. After the expiration of the redemption period, Deutsche Bank filed an action in Michigan's 34th District Court to recover possession of the property. Plaintiff and Christa Schneider consented to judgment in favor of Deutsche Bank, and a writ of possession was entered on March 17, 2011. *Defendant's Exhibit 5*. The judgment stated that any motion for new trial or appeal had to be taken by March 28, 2011, and further indicated that Plaintiff was required to vacate the premises by April 30, 2011, or else an order of eviction would issue. *Id*.

Plaintiff did not file a motion to set aside the March 17th writ of possession, nor did

---

[2] Plaintiff was ordered to file a response to this motion on or before February 27, 2012 [Doc. #8]. He filed his response exceedingly untimely, on April 12, 2012. In light of Plaintiff's *pro se* status, and to assure that the Court fully understands Plaintiff's position, this untimely response has been reviewed. However, by separate order I have stricken Exhibit A to the response.

-2-

he appeal the judgment by March 28, 2011. Plaintiff and Christa Schneider did not vacate the property by April 30, 2011. Instead, Plaintiff filed an "emergency motion to stay writ of possession," which the court denied on August 25, 2011. *Defendant's Exhibit* 6. On that same day, Plaintiff filed the present lawsuit in the Wayne County Circuit Court.

In his complaint, Plaintiff brings the following claims: (1) Quiet Title; (2) Unjust Enrichment; (3) Innocent/Negligent Misrepresentation; (4) Fraud based on Silent Fraud and Bad Faith Promises; (5) Constructive Trust; and (6) Deceptive and/or Unfair Practice.

Defendant Deutsche Bank filed the present motion on January 26, 2012. On February 6, 2012, I ordered Plaintiff to file a response on or before February 27, 2012 [Doc. #8]. He filed a response on April 12, 2012.

## II. STANDARD OF REVIEW

### A. Rule 12(c)

A motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) of the Federal Rules of Civil Procedure is subject to the same standards of review as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Grindstaff v. Green,* 133 F.3d 416, 421 (6th Cir.1998). Rule 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In two recent cases, the United States Supreme Court altered the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6). In In *Bell Atlantic Corp. V. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2),[3] held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*.[4] First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

"Determining whether a complaint states a plausible claim for relief will, as

---

[3] Rule 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

[4] *Twombley* was an antitrust case. *Iqbal* was a prisoner civil rights case. In any event, it is clear that the *Iqbal* standard is applicable to all 12(b)(6) motions.

the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950 (Internal citations omitted).

### B. Rule 56

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the

movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III.  DISCUSSION
#### A.  *Res Judicata* and Judicial Estoppel

Defendant Deutsche Bank has raised a number of grounds for dismissal of Plaintiff's complaint, first arguing that it is subject to dismissal based on *res judicata* and judicial estoppel.

As the Supreme Court noted in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 1527, 161 L.Ed.2d 454 (2005), the "Full Faith and Credit Act...requires the federal court to give the same preclusive effect to a state-court judgment as another court of that State would give.'" (Quoting *Parson Steel Inc. v. First Alabama Bank*, 474 U.S. 518, 523, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986)). Michigan has adopted a broad application of the doctrine of res judicata which bars not only claims actually litigated in the prior action, but all claims arising out of the same transaction that the parties, exercising reasonable diligence, could have raised in the prior action but did not. *Limbach v. Oakland County Bd of County Road Comm'r*, 226 Mich. App. 389, 396, 573 N.W.2d 336 (1997). Application of the doctrine of res judicata in Michigan requires that (1) the first action be decided on its merits, (2) the matter being litigated in the second case was or could have been resolved in the first case, and (3) both actions

involved the same parties or their privies. *ABB Paint Finishing, Inc. v. National Union Fire Ins.*, 223 Mich. App. 559, 562, 567 N.W.2d 456 (1997) (1997). "The test for determining whether two claims are identical for res judicata purposes is whether the same facts or evidence are essential to the maintenance of the two claims," *Huggett v. Dep't of Natural Resources*, 232 Mich. App. 188, 197, 590 N.W.2d 747 (1998), not whether the grounds asserted for relief are the same. *Jones v. State Farm Ins. Co.*, 202 Mich. App. 393, 401, 509 N.W.2d 829 (1993), *mod'f on other grounds*, *Patterson v. Kleiman*, 447 Mich. 429, 433 n.3 (1994).

The Michigan Supreme Court has modified the *res judicata* equation with respect to summary proceedings to recover possession of property. M.C.L. § 600.5750, M.S.A. § 27A.5750 provides:

> "The remedy provided by summary proceedings [for recovery of possession of premises under M.C.L. § 600.5701 *et seq.;* MSA 27A.5701 *et seq.*] is in addition to, and not exclusive of, other remedies, either legal, equitable or statutory. A judgment for possession under this chapter does not merge or bar any other claim for relief...."

In *J.A.M. Corp. v AARO Disposal, Inc.*, 461 Mich 161, 169, 600 N.W.2d 617 (1999), the Michigan Supreme Court read the various sections of the statutory chapter on summary proceedings as "taking these cases outside the realm of the normal rules concerning merger and bar in order that attorneys would not be obliged to fasten all other pending claims to the swiftly moving summary proceedings." The Court further held:

> "Read together, these provisions suggest that a 'judgment for possession' is a judgment that entitles the plaintiff to possession of the premises and sets the amount due under the contract, which the defendant must pay to preclude issuance of a writ of restitution under M.C.L. § 600.5744; MSA 27A.5744. M.C.L. § 600.5750; MSA 27A.5750 likewise refers to a 'plaintiff obtaining a judgment for possession of any premises....' Nevertheless, in light of the first sentence of M.C.L. § 600.5750; MSA 27A.5750 clarifying that the remedy is not exclusive, *it is evident that judgment in these summary proceedings, no matter who prevails, does not bar other claims for relief.*" (Emphasis added). *Id*. at 170. (Emphasis

added).

*See also Garza v. Freddie Mack,* 2010 WL 4539521, *3 (E.D.Mich.2010)(Borman, J.) ("Michigan courts recognize a statutory exception to *res judicata* in the case of summary proceedings."). In *Sewell v. Clean Cut Mgmt., Inc*, 463 Mich. 569, 576, 621 N.W.2d 222 (2001), the Court clarified its holding in *J.A.M.*:

> "Our decision in *JAM Corp.* recognized a statutory exception to this rule with respect to claims that 'could have been' litigated in a prior proceeding. See *id.* at 168, 600 N.W.2d 617, citing M.C.L. § 600.5750; MSA 27A.5750. There, we recognized that the legislative intent for this exception was to remove the incentive for attorneys to 'fasten all other pending claims to swiftly moving summary proceedings.' *Id.* at 169, 600 N.W.2d 617. Our decision in *JAM Corp.* said nothing about the preclusive effect of claims actually litigated in the summary proceedings. Thus, the 'other claims of relief,' described in *JAM Corp.* at 170, 600 N.W.2d 617, were those claims that 'could have been' brought during the summary proceedings, but were not. This Court was not describing subsequent claims involving the issues actually litigated in the summary proceedings."

In this case, the summary proceedings in state court concluded with a consent judgment only on the issue of possession of the property. There is no indication that the various claims brought in the present complaint were "actually litigated." Thus, under *J.A.M.* and *Sewell*, the Plaintiff's claims are not barred by *res judicata*.[5]

For similar reasons, the claims in this case are not barred by the doctrine of judicial estoppel, which "allows courts to bar parties who have prevailed on a position in one proceeding from asserting wholly inconsistent positions in subsequent proceedings." *Woverine Power Coop v. DEQ*, 285 Mich. App. 548, 567, 777 N.W.2d 1, 11 (2009). The Defendant contends that "the district court relied upon [Plaintiff's] affirmation that the foreclosure was proper and the Sheriff's Deed valid which formed the basis for entry of the consent judgment and subsequently granted him more time to vacate." *Defendant's*

---

[5] For example, in *J.A.M.*, *res judicata* did not bar a subsequent claim for unjust enrichment. The Plaintiff in this case has also brought an unjust enrichment claim.

*Brief* [Doc. #6], at 9. However, no such "affirmation" appears in the record. Rather, Defendant has submitted only a form order granting a judgment of *possession*. There is no indication that in the summary proceeding, Plaintiff took a position on the other issues contrary to what he contends in this case. Indeed, he took *no* explicit position on the other issues; if he had, his complaint would be subject to dismissal on the basis of *res judicata* under *Sewell*.

### B. Standing

Defendant argues that Plaintiff does not have standing to challenge the foreclosure in the context of the present lawsuit, because any interest he had in the property was extinguished when the redemption period expired. Defendant is correct, and while Plaintiff's claims are not barred by *res judicata*, they are precluded by his lack of standing to challenge the foreclosure or the assignment to Deutsche Bank.

In *Piotrowski v. State Land Office Bd.,* 302 Mich. 179, 4 N.W.2d 514 (Mich.1942), the former property owners defaulted on his property taxes and failed to redeem the property at a tax sale. After the State took title, the mortgage was foreclosed by advertisement and sold at a Sheriff's Sale. The plaintiffs again failed to redeem the property within the statutory time to do so. The Supreme Court held that "[p]laintiffs did not avail themselves of their right of redemption in the foreclosure proceedings and at the expiration of such right...all plaintiffs' rights in and to the property were extinguished." *Id*. at 187. *See also Overton v. Mortgage Electronic Registration Systems*, 2009 WL 1507342, *1 (Mich.App. 2009) ("Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished")(citing *Piotrowski*); *Kama v. Wells Fargo Bank*, 2010 WL 4386974, *2 (E.D.Mich. 2010) (holding that plaintiff lacked standing to challenge the foreclosure, stating, "In this case, Plaintiffs' redemption period

ended December 27, 2008. On December 27, 2008, Plaintiffs' property rights extinguished."); *Hart v. Countrywide Home Loans, Inc.*, 735 F.Supp.2d 741, 745 (E.D.Mich. 2010) ("Under Michigan law, legal title to a foreclosed property vests in the holder of the sheriff's deed unless the property is redeemed within the six-month statutory redemption period).[6]

There are two narrow exceptions to the general rule that a former property owner lacks standing to challenge a foreclosure after the expiration of the redemption period. The first was described in *Manufacturers Hanover Mortgage Corp. v. Snell*, 142 Mich.App. 548, 553, 370 N.W.2d 401 (1985), where the Court of Appeals held that "the mortgagor may hold over after foreclosure by advertisement and test the validity of the sale *in the summary proceeding*." (Emphasis added). The Court further stated that "[t]he mortgagor may raise whatever defenses are available *in a summary eviction proceeding*," and that the "[state] district court has jurisdiction to hear and determine equitable claims and defenses involving the mortgagor's interest in the property." *Id*., at 553-554 (emphasis added). In the present case, however, Plaintiff did not raise any defenses in state court, instead agreeing to a consent judgment. His opportunity to raise defenses to the sale and foreclosure in the state district court has passed. The summary proceeding is now over, and because Plaintiff did not redeem the property within the prescribed statutory period, his interest in the property had been extinguished at the time he filed this

---

[6] In addition, MCL 600.3236 provides, in pertinent part, with respect to a deed issued after foreclosure by advertisement:

"Unless the premises described in such deed shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter...."

lawsuit.

The second exception to the general rule that a mortgagor lacks standing after the redemption period has expired comes about where there has been "fraud, accident, or mistake." *Senters v. Ottawa Sav. Bank,* 443 Mich. 45, 55, 503 N.W.2d 639, 643 (1993); *Hart v. Countrywide Home Loans, Inc*., 735 F.Supp.2d 741, 745 (E.D.Mich. 2010); *Overton, supra*. In this case, Plaintiff has raised a claim of fraud. However, he has not done so with the specificity required by *Iqbal* or by Fed.R.Civ.P. 9(b).

A claim of fraud must allege the following: "(1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury." *Hi-Way Motor Co. v. International Harvester Co.,* 398 Mich. 330, 336, 247 N.W.2d 813, 816 (1976). "The absence of any one" of these elements "is fatal to a recovery." *Id.* (Internal citations omitted). Further, a claim of fraud "must state with particularity the circumstances constituting fraud." Fed.R.Civ.P. 9(b). The claimant must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.,* 2 F.3d 157, 161–62 (6th Cir.1993). "The Rule's purpose is to alert defendants 'as to the particulars of their alleged misconduct' so that they may respond." *Kanouno v. SunTrust Mortg., Inc.,* 2011 WL 5984023, *4 (E.D.Mich.2011)(Rosen, J.)(citing *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 503 (6th Cir.2007)).

Plaintiff's allegations of fraud are vague. At ¶ 25 of the complaint, he states, "That

-11-

upon information and belief Defendant may have submitted affidavits or signed other documents in support of the non-judicial foreclosure that appear to have procedural defects." He goes on to allege at ¶ 26 that "affidavits and other documents may have been signed by persons who did not have personal knowledge of the facts asserted in the documents." However, the existence of alleged "procedural defects" does not imply false statements, intentionality, detrimental reliance or any other element of fraud. Plaintiff's conclusory statement at ¶ 29 that "such a process may constitute a deceptive act and/or an unfair practice or otherwise violate state laws" likewise fails to establish fraud with any degree of particularity.

Plaintiff claims at ¶ 32 (under the "Quiet Title" count) that "the actions of the Defendant were intentionally designed to preclude the Plaintiffs from knowing there (sic) home was being foreclosed upon and keeping possession of their home." However, Defendant's Exhibit 4 shows that the Sheriff's Deed was recorded with the Wayne County Register of Deeds. This Exhibit also contains affidavits of posting, publication and compliance that are consistent with Michigan foreclosure law. Clearly, notice to Plaintiff was legally and factually adequate, and he has offered nothing, beyond speculation, to show otherwise. In *Smith v. Wells Fargo Home Mortgage, Inc.*, 2010 U.S. Dist. LEXIS 133957, *10 (E.D. Mich. 2010), the Court rejected an argument similar to Plaintiff's:

> "[W]hile Plaintiffs assert that they never received notice of the Sheriff Sale...,notice was provided to Plaintiffs as described in the Affidavits of Posting and Publishing contained within the Sheriff's Deed. Plaintiffs fail to explain how such notice was insufficient or constitutes an 'irregularity' sufficient to satisfy *Overton*."

In the fraud count of the complaint, at ¶¶ 47-48, Plaintiff alleges that "Defendant entered into a Loan Modification process with Plaintiffs knowing that Defendant would

-12-

go forward with the Sheriff Sale," and "Defendant failed to disclose to Plaintiffs its intention to go forward with the Sheriff Sale." Again, this does not establish the elements of fraud. Significantly, Plaintiff does not claim that he and Defendant had an agreement to not pursue a Sheriff's Sale pending modification negotiations, and he does not explain how he was misled. *Id.*, 10-11. That Plaintiff and Defendant were apparently not able to come to terms regarding a loan modification does not invalidate the Sheriff's Sale or constitute fraud.

Finally, Plaintiff claims that the assignment of the mortgage from Ameriquest to Deutsche Bank was invalid, because "Plaintiff's loan was sold and securitized into the Ameriquest Mortgage Securities 2005-R5 Trust as part of a mortgage loan pool," and the "[p]roper assignment in this case would have been from Ameriquest Mortgage Company to Ameriquest Mortgage Company to Ameriquest Mortgage Securities, Inc., then from Ameriquest Mortgage Securities to Deutsche Bank National Trust Company as Trustee of the Ameriquest Mortgage Securities 2005-R5 Trust." *Plaintiff's Response*, ¶ 5 [Doc. #11]. He thus argues that there is an incomplete "chain of title."

There is no merit to this argument. Defendant's Exhibit 3 clearly shows an assignment from Ameriquest Mortgage Company (the mortgagee) to Deutsche Bank National Trust Company, as trustee, recorded with the Wayne County Register of Deeds on October 24, 2007. Defendant Deutsche Bank was therefore entitled to foreclose on the mortgage pursuant to M.C.L. § 600.3204(1)(d) (power of foreclosure may be exercised where the "party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage). By virtue of the recorded assignment, Deutsche Bank was the "owner of an interest in the indebtedness secured by the mortgage."

In addition, the Sixth Circuit has rejected Plaintiff's "chain of title" argument. In *Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC,* 399 Fed.Appx. 97, 102-103, 2010 WL 4275305, *4 (6th Cir. 2010), Lehman Brothers, the original mortgagee, assigned the mortgage to "LaSalle Bank National Association as Trustee for the registered holders of LB–UBS Commercial Mortgage Trust 2005–C–1, Commercial Mortgage Pass–Through Certificates, Series 2005–C1 (the 'Trust')." This assignment was recorded with the Register of Deeds. However, there were also interim unrecorded assignments that occurred in the context of a pooling and servicing agreement, as Plaintiff alleges was done in the present case. Livonia Properties made essentially the same argument the Plaintiff makes in the present case, which the Court summarized as follows:

> "The key issue on appeal is the meaning of 'record chain of title' under Michigan's foreclosure by advertisement statute. Mich. Comp. Laws Ann. § 600.3204. The relevant statutory language states: '[i]f the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale ... evidencing the assignment of the mortgage to the party foreclosing the mortgage.' Mich. Comp. Laws Ann. § 600.3204(3). *Livonia contends that because the PSA was never recorded and two parties to the PSA are not reflected in the recorded documents, the record-chain-of-title requirement is not satisfied. Livonia's basic assertion is that a Michigan mortgage may only be foreclosed by advertisement if every interim assignment between the original lender and the foreclosing party is revealed by the public record. Livonia's interpretation, however, is not in accordance with the case law.*" *Id.* at 100. (Emphasis added).

The Sixth Circuit endorsed and affirmed the district court's holding that "record chain of title is comprised of documents that were filed in the County Register of Deeds' office." *Id.* at 100-101. The Court held:

> "This [public] record shows a clear chain of title from the original mortgagee to Farmington. Although Livonia has not articulated any alternative definition of 'record chain of title,' its argument clearly rests on the position that the term includes any and all interests in the property ever held by any individual or entity. *This position is not supported by the case law.*" *Id.* (Emphasis added).

The Court also relied on *Arnold v. DMR Financial Services, Inc.,* 448 Mich. 671, 532 N.W.2d 852 (1995), which it discussed as follows:

> "In [*Arnold*], DMR, the financial institution foreclosing on the mortgage, had granted a security interest in the mortgage to another entity, which did not record its interest. The foreclosed party argued that the foreclosure was not carried out in accordance with the statute because the security assignment was not within the chain of title. The Michigan Supreme Court disagreed, restating its long-held position that "the presence of an unrecorded security assignment was irrelevant." *Id.* at 856. *Arnold* actually involved a prior version of the foreclosure-by-advertisement statute that said that *all* assignments must be recorded. *Id.* at 855. *Even under that stronger language, which is clearly more favorable to Livonia's position than the current requirement that the foreclosing party have 'record chain of title,' the Michigan Supreme Court was clear that the lack of recordation did not invalidate the foreclosure.*" *Id*. (Emphasis added).

In short, under Michigan law there is a proper "chain of title" in this case, expressed in the public record, from Ameriquest to Deutsche Bank.

Finally, *Arnold* holds that even if there were some defect in the assignment, Plaintiff does not have standing to challenge it. "[E]ven if there were a flaw in the assignment, Livonia does not have standing to raise that flaw to challenge Farmington's chain of title. As recognized by the district court, there is ample authority to support the proposition that 'a litigant who is not a party to an assignment lacks standing to challenge that assignment.'" *Id*. at 102. As in *Arnold*, Plaintiff does not dispute his liability on the original loan, and has no claim that he would somehow be subject to double liability.

In conclusion, Plaintiff does not have standing to contest the foreclosure, and he does not have standing to challenge the validity of the assignment to Deutsche Bank. Therefore, his complaint must be dismissed in its entirety.

## IV.  CONCLUSION

For these reasons, I recommend that Defendant's Motion for Judgment on the Pleadings or for Summary Judgment [Doc. #6] be GRANTED and that Defendant

Deutsche Bank be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                              s/R. Steven Whalen
                                              R. STEVEN WHALEN
                                              UNITED STATES MAGISTRATE JUDGE

Dated: April 27, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 27, 2012.

-16-

s/Susan Jefferson
Deputy Clerk